DEAN J. KITCHENS, SBN 82096
  dkitchens@gibsondunn.com
SAMUEL LIVERSIDGE, SBN 180578
  sliversidge@gibsondunn.com
ASHLEY ALLYN, SBN 254559
  aallyn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendants OPTIMER PHARMACEUTICALS LLC (as successor in interest to Optimer Pharmaceuticals, Inc.), CUBIST PHARMACEUTICALS LLC (as successor in interest to Cubist Pharmaceuticals, Inc.), and MERCK AND COMPANY, INCORPORATED (erroneously sued and served as "Merck and Company, Inc.")

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUE-KONG SHUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OPTIMER PHARMACEUTICALS, INC., a Delaware Corporation; CUBIST PHARMACEUTICALS, INC., a Delaware Corporation, as Successor In Interest to OPTIMER PHARMACEUTICALS, INC.; MERCK AND COMPANY, INC., a Delaware Corporation, as Successor In Interest to CUBIST PHARMACEUTICALS, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO. '16 CV 2566 BEN JLB<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>[*Removal from the Superior Court of California, County of San Diego, Case No. 37-2015-00021945-CU-PO-CTL*] |

Gibson, Dunn & Crutcher LLP

CASE NO. _____

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF YOUE-KONG SHUE, AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Optimer Pharmaceuticals LLC ("Optimer"), Cubist Pharmaceuticals LLC ("Cubist"), and Merck and Company, Incorporated ("MACI") (collectively, "Defendants"), hereby remove the state court action described below to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332 and 1441.  As set forth below, removal of this action is proper pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

## I.  PROCEEDINGS TO DATE

On June 29, 2015, Plaintiff Youe-Kong Shue ("Plaintiff") filed a complaint against Defendants in the Superior Court of the State of California for the County of San Diego.  Plaintiff served Optimer and Cubist with the Complaint on September 16, 2016 and later served MACI with the Complaint on September 27, 2016.  True and correct copies of the Complaint as served on Optimer, Cubist, and MACI are attached hereto as Exhibits A, B, and C to the Declaration of Ashley Allyn ("Allyn Decl.") filed concurrently herewith.

## II.  THE COMPLAINT

The Complaint alleges that Plaintiff was employed by Optimer "from approximately 2000 to 2012" and sets forth 13 causes of action: (1) breach of contract; (2) breach of implied-in-fact contract; (3) breach of the implied covenant of good faith and fair dealing; (4) promissory fraud/false promise; (5) negligent misrepresentation; (6) race and national origin discrimination under a disparate treatment theory; (7) race and national origin discrimination under a disparate impact theory; (8) age discrimination; (9) failure to prevent discrimination; (10) retaliation; (11) violation of California Labor Code §§ 200, 201, and 203; (12) violation of Business and Professions Code § 17200 *et seq.*; and (13) wrongful termination in violation of public policy.

Each cause of action is rooted in Plaintiff's allegations that: (1) "OPTIMER fired PLAINTIFF, in large part, in retaliation for doing his job as President and CEO of [Optimer subsidiary] OBI"; (2) "OPTIMER discriminated against PLAINTIFF on the basis of race and age"; and (3) "OPTIMER breached its employment contract with PLAINTIFF and deprived him of 600,000 promised shares of OBI stock." Allyn Decl. Exs. A at 23, B at 73, C at 123 (Compl. ¶ 83).

### III.  GROUNDS FOR REMOVAL

Defendants are authorized to remove this action to this Court pursuant to 28 U.S.C. § 1441(a) because (1) there is complete diversity between Plaintiffs and Defendants and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

**A.    Diversity of Citizenship**

Plaintiff and Defendants are citizens of different states.  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is usually its headquarters, and which is also referred to as a "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

Plaintiff alleges that "[a]t all times herein mentioned, [he] was a resident of San Diego County, California." Allyn Decl. Ex. A at 6, B at 56, C at 106.  Optimer, Cubist, and MACI are not citizens of California, nor were they citizens of California at the time Plaintiff's Complaint was filed.[1]

Optimer is and always has been incorporated in Delaware.[2]  Declaration of Katie

---

[1] The existence of diversity jurisdiction is determined at the time a case is filed. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citing *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).

[2] On June 11, 2015, Optimer Pharmaceuticals, Inc. was converted to a limited liability company called Optimer Pharmaceuticals LLC. *See* Fedosz Decl. ¶ 5, Ex. A.

Fedosz ("Fedosz Decl.") ¶¶ 4–5.  In approximately October 2013, Optimer was acquired by Cubist, which was headquartered in Lexington, Massachusetts, and became its wholly-owned subsidiary.  *Id*. ¶ 4.  On June 11, 2015, Optimer relocated its headquarters from Lexington, Massachusetts to Kenilworth, New Jersey.  *Id*. ¶ 6.  Since that time, the Kenilworth, New Jersey headquarters location has served as the office of Optimer's executive officers, and it is the place where day-to-day decision making for Optimer takes place.  *Id*.  Diversity therefore exists between Optimer and Plaintiff.  *See* 28 U.S.C. § 1332(a)(1); *Hertz*, 559 U.S. at 92–93; *see also Naranjo v. Continental Airlines, Inc.*, 2012 WL 1431274, at *1 (S.D. Tex. Apr. 23, 2012) (holding that diversity existed between Texas plaintiffs and Continental because, despite Continental's maintenance of a "hub" in Texas after its merger with United Air Lines, the entity that "controls, directs, and coordinates Continental's activities" was located in Illinois).

Cubist is a corporation formed under the laws of Delaware and is a wholly-owned subsidiary of Merck & Co., Inc.[3]  Fedosz Decl. ¶ 7.  On June 29, 2015, Cubist relocated its headquarters from Lexington, Massachusetts to Kenilworth, New Jersey.  *Id*. ¶ 8.  Since that time, the Kenilworth, New Jersey headquarters location has served as the offices of Cubist's executive officers, and it is the place where day-to-day decision making for Cubist takes place.  *Id*.  Diversity therefore exists between Plaintiff and Cubist.  *See* 28 U.S.C. § 1332(a)(1); *Hertz*, 559 U.S. at 92–93.

MACI is a holding company duly organized and existing under the laws of the State of Delaware with its offices located in Wilmington, Delaware.  Fedosz Decl. ¶ 10.  MACI is an indirect, wholly-owned subsidiary of Merck & Co., Inc.  *Id*.  MACI has never been qualified to do business in California and does not have (nor has it ever had) any offices or employees in California.  *Id*.  Diversity therefore exists between

---

[3] On June 29, 2015, Cubist Pharmaceuticals, Inc. was converted to a limited liability company called Cubist Pharmaceuticals LLC.  *See* Fedosz Decl. ¶ 7, Ex. B.

Plaintiff and MACI.  *See* 28 U.S.C. § 1332(a)(1); *Hertz*, 559 U.S. at 92–93.

B.     **Amount in Controversy**

The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on Plaintiff's allegations regarding stock in an Optimer subsidiary *alone*.  The Complaint seeks a litany of damages, wages, and penalties, including for allegedly "depriv[ing]" Plaintiff of 600,000 shares of stock in Optimer subsidiary OBI Pharma Inc. that Plaintiff alleges Optimer "promised" him.  *See* Allyn Decl. Exs. A at 13, 23, 40, B at 63, 73, 90, C at 113, 123, 140 (Compl. Prayer for Relief; ¶¶ 38, 83).  As of the date of this Removal, the value of 600,000 shares of OBI Pharma Inc. stock is approximately $6,091,130.13, well in excess of the required $75,000 threshold.  *See id*. ¶¶ 8-10 , Ex. D.[4]  Plaintiff does not provide a dollar figure for his other claims, but he seeks lost wages, medical expenses, Labor Code penalties, punitive damages, and a host of other types of damages in addition to his claim for the OBI stock.  *See id*. Exs. A at 40, B at 90, C at 140 (Prayer for Relief).

### IV.  VENUE

Plaintiff filed his Complaint in the Superior Court of the State of California for the County of San Diego, which is within this judicial district and division.  *See* 28 U.S.C. § 84(d).  This Court is therefore the proper venue for removal under 28 U.S.C. §§ 1441(a) and 1446(a).

### V.  TIMELINESS

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed "within 30 days after the service of summons upon the defendant if [the complaint] has then been filed in court."  28 U.S.C. § 1446(b)(1).  In other words, as here, "if the complaint is filed in court prior to any service, the removal period runs from the service of the summons."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999).  Receipt of an initial pleading means proper service as

---

[4] The Court may take judicial notice of the value of OBI Pharma Inc. stock.  *See* Defendants' Request for Judicial Notice filed concurrently herewith.

required by state law.  *See id.* at 347–48.  Plaintiff served Optimer and Cubist with the Complaint and summons on September 16, 2016, and later served MACI with the Complaint and summons on September 27, 2016.  Defendants file this Notice of Removal on October 14, 2016, within the 30-day deadline for all defendants as proscribed by 28 U.S.C. § 1446(b).

## VI.  NOTICE

As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff and will file a copy of the notice with the Clerk of the Superior Court for the County of San Diego.

## VII.  CONCLUSION

For the foregoing reasons, Defendants respectfully state that this action, previously pending in the Superior Court of the State of California for the County of San Diego, is properly removed to this Court.  Defendants respectfully request that this Court proceed as if this case had been originally filed in this Court.

Dated: October 14, 2016

DEAN J. KITCHENS
SAMUEL LIVERSIDGE
ASHLEY ALLYN
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Ashley Allyn*
Ashley Allyn

Attorneys for Defendants OPTIMER PHARMACEUTICALS LLC (as successor in interest to Optimer Pharmaceuticals, Inc.), CUBIST PHARMACEUTICALS LLC (as successor in interest to Cubist Pharmaceuticals, Inc.), and MERCK AND COMPANY, INCORPORATED (erroneously sued and served as "Merck and Company, Inc.")

102183857.2